IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER THOMAS GRANTHAM,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERT B. COLLIER, in his personal capacity and Jane Doe Collier, husband and wife and their marital community, MATTHEW O. SIMMONS, in his personal capacity and Jane Doe Simmons, husband and wife and their marital community, and TRACY GRAHAM LAWSON, in her personal capacity, and John Doe Lawson, wife and husband and their marital community,<br><br>    Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. §§ 1981, 1985<br><br>CIVIL ACTION FILE NO.<br>1:17-CV-3157-TWT-JKL |

## **ORDER AND<br>FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at Central State Prison in Macon, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. §§ 1981 and 1985 against Chief Judge Albert B. Collier of the Superior Court of Clayton County, Matthew Simmons, former Judge for the Superior Court of Clayton County, Tracy Graham-Lawson, District Attorney for Clayton County, as well as each of these

individuals' spouses. Plaintiff has filed a motion to proceed without prepayment of fees, but has not provided an inmate trust account statement. [Doc. 2.]

It appears from his filing that Plaintiff pled "guilty but mentally ill" to felony murder in 1995 and was sentenced by Defendant Simmons to a term of life imprisonment. [Doc. 1 at 25.] Plaintiff's complaint is difficult to follow, but it appears he began serving Defendants with various types of claims and notices in 2016: (1) a "Criminal Complaint and Affidavit of Obligation" asserting "claims of fraud, lack of full disclosure, fraudulent coercive inducement into contract, violation of rights without subject matter jurisdiction, criminal violations and human rights violations; (2) a "Notice of Fault of Claim," and (3) a "Notice of Default and Certificate of Dishonor/Administrative Judgment Nihil Dicit." [Doc. 1 at 4.] Plaintiff states that because the Defendants did not respond to these claims, they violated his First Amendment right to redress of grievance. [*Id.* at 5.] Plaintiff seeks $143,340,000.00 in damages.[1]

The Court is required to screen "as soon as practicable" a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, the Court must dismiss a

---

[1] Plaintiff initially filed suit in the U.S. District Court for the Middle District of Georgia, but his case was transferred to this district because the acts complained of occurred in Clayton County, Georgia.

prisoner complaint that is either (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Title 42 U.S.C. § 1981 "proscribe[s] discrimination in the making or enforcement of contracts against, or in favor of, any race." *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003) (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295-96 (1976)). To state a claim pursuant to § 1981, a plaintiff must first show "direct evidence of disparate treatment on the basis of race." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999).

To prove a civil rights conspiracy claim, pursuant to 42 U.S.C. § 1985, a plaintiff

> must prove the existence of: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Cromer v. Crowder*, 273 F. Supp. 2d 1329, 1336 (S.D. Fla. 2003) (quoting *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992)).

Plaintiff's complaint fails to state a plausible basis of relief. First, Plaintiff's complaint contains no facts to support an inference that Defendants have

discriminated against him based on race or that his constitutional rights have otherwise been violated. Defendants have no obligation to respond to the complaint or notices Plaintiff has sent them, which do not appear to have been filed in any court of law. Plaintiff has similarly asserted no basis for the liability of Defendants' spouses.

Within his "Criminal Complaint & Affidavit of Obligation for Claim upon Public Hazard Bonds Demand for Release," which is attached as an exhibit to the complaint, Plaintiff references his Clayton County criminal case and states that Defendants have a responsibility to "correct any prior rights violations." [Doc. 1 at 14.] To the extent Plaintiff is attempting to challenge any civil rights violations that occurred with respect to his state court conviction, the statute of limitations would most likely bar his claim. *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (holding that for § 1983 claims arising in Georgia, a two-year statute of limitations applies); *Shuford v. Ala. State Bd. of Educ.*, 968 F. Supp. 1486, 1512 (M.D. Ala. 1997) (stating that "the statute of limitations for § 1981 actions is determined by applying the same state statute of limitations for personal injury claims as is applicable in § 1983 actions) (citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-61 (1987)). Moreover, Defendant Simmons would be entitled to absolute immunity. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.

4

2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"). There is no indication that Defendants Lawson or Collier participated in Plaintiff's state court conviction at all.

Plaintiff has failed to state a plausible claim for relief pursuant to 42 U.S.C. § 1981 or § 1985. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim. Plaintiff's motion to proceed without prepayment of fees is **GRANTED** for the purpose of dismissal only. [Doc. 2.]

**IT IS SO ORDERED AND RECOMMENDED** this 30th day of August, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE